UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PRATT, Individually
and on behalf of all
other similarly situated individuals,   Case No.

    Plaintiffs,   Hon.

v.

CHALLENGE MFG. COMPANY

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff John Pratt, individually and behalf of all similarly situated individuals (hereinafter "Plaintiffs"), by and through their attorneys, HURWITZ LAW PLLC, hereby allege as follows:

1

## INTRODUCTION

1. This is a civil class action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant Challenge MFG. Company ("Defendant").

2. Plaintiffs' claims arise out of Defendant's misclassification of its Quality Engineers as employees that are exempt from overtime compensation in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*.

3. Additionally, Plaintiff John Pratt asserts a claim of age discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act (the "ELCRA), M.C.L. 37.2101, *et seq.*, individually and on his own behalf.

4. This action is brought pursuant to the opt-in collective action provisions of the FLSA, 29 U.S.C. § 216(b) (sometimes referred to as an "opt-in" collective action).

5. Plaintiff John Pratt brings this action on his own behalf and on behalf of all other Quality Engineers of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies, and procedures of Defendant. In addition, Plaintiff brings this action in his individual capacity, separate and apart from the collective action claims set forth herein.

## PARTIES AND JURISDICTION

6. Plaintiff John Pratt ("Plaintiff") is an individual residing in Highland, Michigan, which is located in Oakland County.

7. Defendant is a company with its registered business address in Walker, Michigan, which is located in Kent County.

8. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff John Pratt's state law claim.

9. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiffs' claims took place.

10. The facts and unlawful employment practices within the meaning of the FLSA and the ECLRA giving rise to this Complaint occurred within the Eastern District of Michigan.

11. Defendant is an employer and Plaintiffs were its employees at all relevant times within the meaning of the FLSA and the ELCRA.

## GENERAL ALLEGATIONS

12. Defendant is a for-profit company in the automotive manufacturing industry with facilities in Michigan, Alabama, Kentucky, Missouri and Texas.

13. At all times relevant to this Complaint, Plaintiffs and other similarly situated individuals are/were employed as Quality Engineers at Defendant's facilities.

14. At all times relevant to this Complaint, Defendant directly hired Plaintiff and other Quality Engineers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions.

15. Defendant employs Quality Engineers at all of its facilities.

16. The basic duties of a Quality Engineer are the same at every facility and are primarily made up of non-managerial and non-administrative tasks, including checking inventory, reviewing and processing shipping requests, filing paperwork, recording logistical supply issues, and utilizing the Plex software to complete tasks.

17. Quality Engineers are not separately trained to perform managerial and administrative duties.

18. Quality Engineers do not require specialized knowledge, advanced degrees, or certification.

19. Quality Engineers do not perform engineering functions.

20. Plaintiff does not schedule employees.

21. Plaintiff does make final hiring decisions.

22. Plaintiff does not have discretion to terminate facility employees.

23. Plaintiff cannot set and/or adjust rates of pay and hours of work.

24. Plaintiff does not have discretion to direct the work of other employees.

25. Plaintiff does not have discretion to make status changes or recommend promotion.

26. Plaintiff cannot discipline employees.

27. Plaintiff does not have a role in planning and/or controlling the budget.

28. Plaintiff does not perform office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers.

29. Plaintiff does not exercise discretion and independent judgment with respect to matters of significance.

30. Plaintiff did not have authority to make independent choices, free from immediate direction or supervision.

31. Plaintiff did not have authority to formulate, affect, interpret, or otherwise implement management policies or operating practices.

32. Plaintiff did not have authority to waive or deviate from established policies and procedures without prior approval.

33. When completing tasks, Plaintiff referred to Defendant's handbook which laid out Defendant's quality standards.

34. Plaintiff does not act as an advisor of Defendant's customers.

35. Defendant pays all Quality Engineers a salary for work performed but does not pay Quality Engineers overtime compensation for the hours they worked in excess of forty (40) hours a week.

36. Plaintiffs and other similarly situated individuals consistently and regularly work more than forty (40) hours per week but are not compensated for their overtime work by Defendant.

37. Defendant instructed Plaintiff to work over forty-five (45) hours a week.

38. Plaintiff was told he was expected to work at least nine (9) hours a day.

39. Plaintiff often worked seven days a week.

40. Plaintiff worked at least ten (10) hours a day Monday through Friday.

41. Under the direction of his supervisor, Plaintiff worked on weekends to expedite Defendant's production of automotive parts.

42. Plaintiff worked approximately fifty-five (55) hours a week.

43. Defendant classifies all Quality Engineers as exempt from the overtime pay requirements of the FLSA and applicable state law, regardless of property location, sales volume, property size, climate, experience, number of Quality Engineers in a location, prior experience, the number of employees in that location, the shift they worked, or other factors.

44. The primary duty of each Quality Engineer is to perform the non-managerial and non-administrative labor that other coworkers are tasked with performing.

45. Any management duties assigned to Quality Engineers are routine and supervised by their superiors.

46. The management work performed by Quality Engineers do not take priority over non-managerial tasks.

47. Any administrative duties assigned to Quality Engineers are routine and supervised by their superiors.

48. The administrative work performed by Quality Engineers does not take priority over non-administrative tasks.

49. Plaintiff and other similarly situated individuals do not always direct the work of at least two or more other full-time employees or their equivalent.

50. The work performed by Quality Engineers renders them non-exempt.

51. Defendant applied its policy and practice of not paying overtime compensation to employees who were designated as Quality Engineers in the same manner to all Quality Engineers.

52. As a result of the misclassification as exempt employees, Defendant's Quality Engineers were and/or are being unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

53. With respect to the collective action claims under the FLSA, the collective action class is defined as (a) all current and former Quality Engineers who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

54. Plaintiff John Pratt is sixty-four (64) years old.

55. Plaintiff was hired by Defendant on November 9, 2015.

56. On September 9, 2021, Plaintiff observed another employee improperly load defective part into a machine.

57. Plaintiff removed the defective part and took it to his Second Shift Inspector.

58. Upon information and belief, the Second Shift Supervisor was newly employed and with Defendant for approximately six months.

59. The Second Shift Supervisor and Plaintiff argued over the quality of the defective part.

60. Plaintiff never insulted, cursed at, or verbally berated the Second Shift Supervisor.

61. Plaintiff threw the defective part on the ground and walked away from the disagreement.

62. Plaintiff then exited the building to sit at an outside picnic table.

63. Plaintiff sat at the table for approximately five (5) minutes until Defendant's Human Resources Manager called Plaintiff's cellphone to summon him to the Human Resources office.

64. When Plaintiff arrived at the Human Resources office shortly after, he was immediately terminated.

65. The Human Resources Manager told Plaintiff he "created a hostile environment by getting angry and throwing a part on the floor."

66. Plaintiff had no prior history of discipline.

67. Plaintiff never received any formal warnings.

68. Plaintiff was never placed on a performance improvement plan.

69. Defendant never provided Plaintiff with termination paperwork.

70. Plaintiff collected his personal belongings and was escorted out of the facility.

71. Upon information and belief, the Second Shift Supervisor is approximately thirty (30) years younger than Plaintiff.

72. Upon information and belief, the Second Shift Supervisor was never disciplined for the altercation.

73. Upon information and belief, all of Plaintiffs supervisors are younger than him.

74. Plaintiff has observed other younger employees argue in the workplace without any formal discipline.

75. Upon information and belief, younger employees have had fist fights in the workplace without any formal discipline.

76. Upon information and belief, Plaintiff was replaced by a younger employee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER.

77. Plaintiffs incorporate all preceding paragraphs above as though fully stated herein.

78. The collective action class which Plaintiffs seek to certify as a FLSA, 29 U.S.C. § 216(b) "opt-in" Class Action is defined as all current and former Quality Engineers who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

79. At all times relevant to this Complaint, Plaintiffs were Defendant's employees within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

80. At all times relevant to this Complaint, Defendant was Plaintiffs' employer within the meaning of the FLSA.

81. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. Defendant violated the FLSA when it failed to pay Plaintiffs and other similarly situated Quality Engineers proper overtime compensation for hours worked in excess of forty (40) per week.

83. Defendant has a policy and practice of failing and refusing to pay Plaintiffs and all other similarly situated employees for all hours worked in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*.

84. Defendant's conduct in this regard was a willful violation of the FLSA.

85. As a result of Defendant's unlawful acts, Plaintiffs and all other similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial.  They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and other remedies available at law or in equity.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ELCRA

86. Plaintiff John Pratt incorporates by reference herein the foregoing paragraphs and allegations.

87. Defendant Employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2010, *et seq*.

88. Defendant is an employer within the meaning of the ELCRA, M.C.L. 37.2101, *et seq*.

89. The ELCRA prohibits, among other things, discrimination based upon age.

90. Plaintiff is sixty-four (64) years old.

91. Plaintiff was qualified for his respective position.

92. Plaintiff was held to different standards than his coworkers based on his age.

93. Plaintiff suffered adverse action, including termination, while younger employers were retained.

94. Defendant's conduct was willful.

95. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to: lost wages, damages to professional reputation, emotional distress, outrage, humiliation, indignity and disappointment.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff claims, individually and on behalf of all other similarly situated individuals as follows:

    A.       Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    B.       An award of unpaid overtime wages, liquidated damages, costs and attorneys' fees under the FLSA;

    C.       Interest;

    D.       Compensatory damages, including front pay and back pay;

    E.       All further relief as the Court deems just and equitable.

> Respectfully submitted
> HURWITZ LAW PLLC
>
> */s/ Noah S. Hurwitz*
> Noah S. Hurwitz (P74063)
> Attorney for Plaintiffs
> 617 Detroit St. Ste. 125
> Ann Arbor, MI 48104
> (844) 487-9489

Dated: February 18, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN PRATT, Individually
and on behalf of all
other similarly situated individuals,                    Case No.

    Plaintiffs,                                                          Hon.

v.

CHALLENGE MFG. COMPANY

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
1514 Creal Crescent
Ann Arbor, MI 48103
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

### **DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff John Pratt, individually and on behalf of all similarly situated individuals, by and through their attorneys, HURWITZ LAW PLLC, hereby demand a jury trial in the above-captioned matter for all issues so triable.

                        Respectfully submitted
                        HURWITZ LAW PLLC

                        */s/ Noah S. Hurwitz*_____

                                                                        Noah S. Hurwitz (P74063)
                                                                        Attorney for Plaintiffs
                                                                         617 Detroit St. Ste. 125
                                                                         Ann Arbor, MI 48104
Dated: February 18, 2022                                      (844) 487-9489