UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PRATT,

    Plaintiff,

v.                                              Case No.: 22-10362

CHALLENGE MFG. COMPANY,         Sean F. Cox
                                                          United States District Court Judge

    Defendant.

_____/

**ORDER
ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT
AND DENYING MOTION FOR CONDITIONAL CERTIFICATION
WITHOUT PREJUDICE**

On February 18, 2022, Plaintiff John Pratt filed this action against Defendant Challenge MFG. Company. Plaintiff's complaint asserts claims under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("the FLSA"), both individually and on behalf of a collective. Plaintiff recently filed a Motion for Conditional Certification, that is pending before this Court.

This Court's initial review of that motion, and other filings in this case, prompted this Court to issue a Show Cause Order. (ECF No. 18). In that Order, this Court explained the situation before the Court and ordered Plaintiff to respond:

> Defendant Challenge MFG Company ("Defendant") filed an Answer to the Complaint on March 15, 2022. (ECF No. 4). In it, Defendant states that "Challenge Mfg. Company denies as untrue any allegation that Plaintiff has a valid cause of action against Challenge Mfg. Company" and asserts that "Challenge Mfg. Company states that it did not employ Plaintiff Pratt. Plaintiff Pratt was employed by *Challenge Mfg. Holdings, Inc*." (*Id*. at PageID.21) (emphasis added). Included among Defendant's affirmative defenses is that "Plaintiff has failed to state a claim against Challenge Mfg. Company upon which relief can be granted." (*Id*. at PageID.49).
> 
> The parties filed a "Rule 26(f) Joint Discovery Plan" (ECF No. 8) on April 4, 2022, wherein Defendant again stated that "Challenge Mfg. Holdings, Inc."

> employed Plaintiff John Pratt. (*Id*. at PageID.58). The Joint Discovery Plan submitted by the parties stated that "Plaintiff may amend the Complaint to name the proper employer upon proof of same." (*Id*. at PageID.59). To date, however, Plaintiff has not sought leave to file an amended complaint to change the name of the Defendant sued in this civil action.
>
> Plaintiff filed a Motion for Conditional Certification on June 6, 2022. In it, Plaintiff includes a footnote stating "Plaintiff named 'Challenge Mfg. Company' as the Defendant because that is Defendant's registered business name in the State of Michigan but understands that Defendant may be wholly owned by the entity Challenge Mfg. Holdings." (ECF No. 12 at PageID.82). Plaintiff's deposition transcript reflects his confusion regarding the entity that employed him:
>
> Q. My name is Matt O'Rourke. We just met. I represent Challenge Manufacturing Holdings Incorporated. There's been a little bit of confusion about the entity that actually employed you, and so before we get into things, I just want to talk about that real quickly. You filed this lawsuit against Challenge Manufacturing Company but it's Defendant's position that you are actually employed by Challenge Manufacturing Holdings, Incorporated. Did you know that?
>
> A. No, sir. I don't know the difference.
>
> (Pl.'s Dep. Tr. at 4-5). And Plaintiff has not submitted *any evidence to establish that he was employed by the Defendant he sued in this civil action – Challenge Mfg. Company*. Nevertheless, Plaintiff asks this Court to conditionally certify a collective action against that entity – Challenge Mfg. Company.
>
> Accordingly, the Court **ORDERS Plaintiff to SHOW CAUSE, in writing, no later than September 28, 2022, why this Court should not cancel the October 13, 2022 hearing and deny without prejudice the pending Motion for Conditional Certification.**

(*Id*. at 1-3).

On September 26, 2022, Plaintiff filed a response to the Court's Show Cause Order that reflects that the parties now agree that "Plaintiff's employer was Challenge Mfg. Holdings and not Challenge Mfg. Company." (ECF No. 19 at 2). Plaintiff's response states that the parties plan to submit a stipulation and order to address the situation and Plaintiff asserts that the Court "may proceed with the October 13, 2022 hearing on Plaintiff's Motion for Condition[al] Certification." *(Id*.).

Given the circumstances presented here, this Court declines to do so and will not enter a stipulated order to change the name of the Defendant sued in this action.  The Court **ORDERS** that within seven (7) days of the date of this Order, Plaintiff may file an amended complaint in order to name the correct entity as the Defendant in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conditional Certification is **DENIED WITHOUT PREJUDICE.**  Plaintiff may file a new Motion for Conditional Certification, that seeks conditional certification as to the correct Defendant and proposes a notice that addresses and identifies the correct Defendant.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 29, 2022