UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PRATT,

    Plaintiff,

v.

CHALLENGE MFG. HOLDINGS, INC.,

    Defendant.

Case No. 2:22-CV-10362-SFC-KGA

Hon. Sean F. Cox
Magistrate Kimberly G. Altman

## JOINT MOTION AND BRIEF FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff John Pratt ("Pratt") and Defendant Challenge Mfg. Holdings, Inc. ("Challenge"), jointly move that the Court approve their agreement resolving this case and dismiss the case with prejudice. Because settlement includes the resolution of Pratt's Fair Labor Standards Act ("FLSA") claim, the parties' settlement requires the Court's approval.

### Background

Plaintiff Pratt filed his Complaint and Jury Demand against Challenge Mfg. Company on February 18, 2022. (ECF No. 1, PageID.1-15.) He claimed that Challenge Mfg. Company failed to pay him overtime because it allegedly misclassified him as an exempt employee under the Fair Labor Standards Act

("FLSA").  He also claimed that Challenge Mfg. Company discriminated against him because of his age in violation of Michigan's Elliott-Larsen Civil Rights Act.

Challenge Mfg. Holdings, Inc. answered Pratt's Complaint on behalf of Challenge Mfg. Company on March 15, 2022 (ECF No. 4, PageID.20-51.)  Among other things, Challenge Mfg. Holdings, Inc. denied that Challenge Mfg. Company employed Pratt and denied that Challenge Mfg. Holdings, Inc. improperly classified Pratt as an exempt employee.

The parties engaged in a short discovery period that was limited to issues related to Pratt's anticipated motion for conditional certification and his job duties and classification status.  During discovery, Challenge answered Pratt's interrogatories and requests for admissions and responded to his document requests.  It also took Pratt's deposition.

After the close of discovery, Pratt moved to certify a collective action under the FLSA.  (ECF No. 12, PageID.73-102.)  Challenge filed its response on June 27, 2022 (ECF No. 13, PageID.323-355) and again identified that Pratt was employed by Challenge Mfg. Holdings, Inc., not Challenge Mfg. Company.

The Court issued two orders on September 19, 2022.  First, it declined to exercise supplemental jurisdiction over Pratt's state-law claim and dismissed it without prejudice.  (ECF No. 17, PageID.441-442.)  Second, it ordered Pratt to show

cause why it should not cancel a scheduled hearing on Pratt's motion for conditional certification against Challenge Mfg. Company. (ECF No. 18, PageID.443-445.)

The parties stipulated that Challenge Mfg. Holdings, Inc. employed Pratt. (ECF No. 19, PageID.446-448.) On September 29, 2022, the Court issued an Order allowing Pratt to file an amended complaint to name Challenge Mfg. Holdings, Inc. as the proper defendant and denying Pratt's motion for conditional certification without prejudice. (ECF No. 20, PageID.449-451.)

Pratt filed his Complaint against Challenge Mfg. Holdings, Inc. on September 29, 2022. (ECF No. 21, PageID.452-466.) Other than naming Challenge Mfg. Holdings, Inc. as the defendant, Pratt's second complaint was identical to his first. Challenge filed its Answer on October 13, 2022. (ECF No. 24, PageID.719-750.) The Court issued its second order declining to exercise supplemental jurisdiction over Pratt's state law claims and dismissing them without prejudice on October 3, 2022. (ECF No. 23, PageID.717-718.)

Pratt filed his second motion for conditional certification on September 30, 2022. (ECF No. 22, PageID.467-496.) Before Challenge responded, the parties agreed to engage in settlement negotiations or early mediation. They filed a stipulated order to stay litigation while they explored resolution, which the Court entered on October 18, 2022. (ECF No. 25, PageID.751-754.) The litigation is stayed through November 14, 2022.

The parties engaged in settlement negotiations and reached an agreement. The Settlement Agreement and Release is attached to this Joint Motion as **Exhibit A**.

## Memorandum of Law

I. **Standard of Review.**

Claims under the FLSA may be settled only with the approval of the District Court or the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). If the settlement of a plaintiff's FLSA claim is a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id*. at 1354.

"[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements." *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021). Before the Court can approve the settlement of Pratt's FLSA claim, it must determine that the parties engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented. *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

Courts consider the following factors to determine whether a FLSA settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of

4

discovery completed; (4) the likelihood of Plaintiff's success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) the public interest in the settlement. *Id.* at *2; *Does 1-2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019). Because this seven-factor test was developed to assess the settlement of class actions under Fed. R. Civ. P. 23(e), and because the Sixth Circuit has not directly identified the factors to consider in assessing the fairness and reasonableness of a FLSA settlement, *O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-CV-02378, 2020 WL 7634780, at *7 (W.D. Tenn. Dec. 22, 2020), "[a] district court may choose to consider only factors that are relevant to the settlement at hand." *Scobey v. General Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *2 (E.D. Mich. Oct. 28, 2021).

## II. The settlement resolves a *bona fide* dispute between the parties.

Pratt alleged that Challenge misclassified him as an exempt employee and thus failed to pay him overtime in violation of the FLSA. Challenge denied Pratt's allegations and was prepared to defend its classifications. Because the parties agreed to resolve this dispute through compromise, the following will not be litigated to conclusion: (1) whether Pratt was similarly-situated to other Quality Engineers such that conditional certification is appropriate; (2) whether Challenge properly classified Pratt as exempt; (3) if not, whether Pratt was entitled to overtime under the FLSA; and (4) whether liquidated damages are appropriate. "[T]he parties are

5

resolving a bona fide dispute as to both the factual and legal underpinnings of Plaintiff['s] claims." *Athan*, 523 F. Supp. 3d at 965-66.

### III. The settlement is fair and reasonable.

In *Lakosky*, this Court held that a FLSA settlement was fair and reasonable where both parties were represented by competent counsel and there was no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations. *Id*. at *2. The same is true here.

First, both parties are represented by counsel who are experienced in employment and wage and hour litigation. It goes without saying that the parties would not have agreed to the settlement if their attorneys did not believe it was a fair and reasonable resolution of Pratt's claim.

Second, the parties engaged in discovery on issues related to conditional certification and Pratt's job duties and exempt status. They "reviewed all of the exchanged and available information and used it to evaluate the merits of their respective claims or defenses in comparison to the costs and risks associated with further litigation." *Athan*, 523 F. Supp. 3d at 967. Settlement resolves the uncertainty of litigation for both parties. *Lakosky*, *supra*, at *2.

Finally, the likelihood of Pratt's success on the merits, and the amount he would be awarded, is uncertain. This further suggests that the settlement is fair and appropriate. *Athan*, 523 F. Supp. 3d at 697-68.

6

## **Conclusion**

For the reasons stated above, the settlement of this *bona fide* dispute is fair and reasonable. The parties request that the Court enter an Order (1) approving the Settlement Agreement and Release and (2) dismissing this action in its entirety, with prejudice, and with each party to bear its own costs and fees.

                                                    HURWITZ LAW PLLC
                                                    Attorneys for Plaintiff

Date: November 10, 2022            By: s/ *Noah S. Hurwitz* (w/permission)
                                                       Noah S. Hurwitz (P74063)
                                                         617 Detroit St. Ste. 125
                                                         Ann Arbor, MI 48104
                                                         (844) 487-9489
                                                         Noah@hurwitzlaw.com


                                                  MILLER JOHNSON
                                                  Attorneys for Defendant

Date: November 10, 2022            By: s/ *Matthew M. O'Rourke*
                                                         Matthew M. O'Rourke (P79019)
                                                         45 Ottawa Ave. SW, Suite 1100
                                                         P.O. Box 306
                                                         Grand Rapids, MI 49503
                                                         (616) 831-1700
                                                         orourkem@millerjohnson.com